UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
LAWRENCE E. PENN III, :
:
:
Plaintiff, :
: 19-CV-2106 (JMF)
-v- :
: MEMORANDUM OPINION
CITY OF NEW YORK, et al., : AND ORDER
:
Defendants. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff filed his Complaint with the Court on March 7, 2019, bringing a litany of claims against the City of New York and a host of state prosecutors and judges. *See* Docket No. 1 ("Compl."). This case was originally assigned to Judge Caproni, who on March 11, 2019 ordered Plaintiff to show cause why his Complaint should not be dismissed (1) as against the City of New York, for failure to allege an official policy sufficient to establish municipal liability under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978); (2) as against all other Defendants, on the basis of absolute prosecutorial and judicial immunity; and (3) because the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994), bars his claims. *See* Docket No. 6, at 1-2. This case was reassigned to the undersigned on March 29, 2019, and Plaintiff filed a response to the Order to Show Cause as well as a motion to disqualify Judge Caproni that same day. *See* Docket Nos. 25-26.

      Upon review of Plaintiff's Complaint, the documents attached thereto, materials of which the Court may take judicial notice, and his response to the Order to Show Cause, the Court concludes that Plaintiff's claims must be dismissed for several independent reasons:

- First, although it is normally a defendant's burden to "show[] that such immunity is justified for the function in question," *Simon v. City of New York*, 727 F.3d 167, 172 (2d Cir. 2013) (internal quotation marks omitted), here it is "clear from the face of the [C]omplaint" that Plaintiff's claims relate to the individual Defendants' actions in their judicial or prosecutorial capacities, *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005), and the Court may therefore dismiss Plaintiff's claims against those Defendants as barred by the doctrines of absolute judicial and prosecutorial immunity, respectively, *see, e.g.*, *Galin v. Hamada*, No. 15-CV-6992 (JMF), 2016 WL 2733132, at *2 (S.D.N.Y. May 10, 2016) (noting that a court may dismiss a complaint based on an affirmative defense "if, on the face of the complaint, the defense 'clearly' applies"); *see also Flagler v. Trainor*, 663 F.3d 543, 546 (2d Cir. 2011) (absolute prosecutorial immunity); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) (absolute judicial immunity).

- Second, Plaintiff's claims, if successful, would "necessarily imply the invalidity of his outstanding conviction," and are for that reason barred by the doctrine of *Heck v. Humphrey*. *See, e.g.*, *Poventud v. City of New York*, 750 F.3d 121, 127, 129 (2d Cir. 2014) (en banc); *see also Heck*, 512 U.S. at 486-87.

- Third, Plaintiff's claims are independently barred by the *Rooker-Feldman* doctrine because they "are, in substance, appeals from [a] state-court judgment[]." *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005).

- Fourth, to the extent Plaintiff seeks prospective relief "stay[ing] all civil actions and judgments that rely in whole or in part" on his conviction, *e.g.* Compl. ¶ 244, the Court must abstain from deciding, and therefore dismisses, those claims because to do otherwise would interfere with New York's "interest in enforcing the orders and judgments of its courts" and "result in an 'ongoing federal audit of state criminal proceedings.'" *Disability Rights N.Y. v. New York*, 916 F.3d 129, 133-34 (2d Cir. 2019) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 500 (1974)).

- Finally, to the extent that any allegations of an "independent constitutional violation" would or could survive the dismissal of Plaintiff's claims against the individual Defendants, *cf. Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006), Plaintiff's claims against the City of New York are dismissed for failure to plausibly or nonfrivolously allege an official policy sufficient to establish municipal liability under *Monell*. *See Monell*, 436 U.S. at 694-95; *Duplan v. City of New York*, 888 F.3d 612, 621 (2d Cir. 2018).

It follows that Plaintiff's claims must be and are DISMISSED. Moreover, because the defects in Plaintiff's Complaint are substantive and "better pleading will not cure" them, the Court declines to grant leave to amend on its own initiative. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also, e.g.*, *Morales v. Dep't of Educ. of City of New York*, No. 17-CV-

7414 (JMF), 2019 WL 1228075, at *3 (S.D.N.Y. Mar. 15, 2019).  Finally, in light of the foregoing, Plaintiff's motion for ECF filing privileges, Docket No. 4, and his motion to disqualify Judge Caproni, Docket No. 26, are DENIED as moot.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate Docket Nos. 4 and 26, to mail a copy of this Order to Plaintiff, and to close the case.

SO ORDERED.

Dated: April 2, 2019
New York, New York

JESSE M. FURMAN
United States District Judge