UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
LAWRENCE E. PENN III, :
:
Plaintiff, :
: 19-CV-2106 (JMF)
-v- :
: MEMORANDUM OPINION
CITY OF NEW YORK, et al., : AND ORDER
:
Defendants. :
:
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff Lawrence E. Penn III, proceeding *pro se*, moves for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure from my April 2, 2019 Order dismissing his claims with prejudice. *See* Docket No. 30.[1] In the same motion, Penn also appears to seek my recusal pursuant to 28 U.S.C. § 455. *See* Docket No. 29, ¶ 8. For the reasons that follow, Penn's motion is denied in its entirety as frivolous.

Penn brought this action on March 7, 2019, against the City of New York and a host of state prosecutors and judges. *See* Docket No. 1. The case was initially assigned to the Honorable Valerie E. Caproni, who ordered Penn to show cause why his case should not be dismissed as against the City of New York under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), and as to the remaining defendants under the doctrines of absolute prosecutorial and judicial immunity. Docket No. 6, at 1. On March 27, 2019, Penn filed a second action, naming a variety of new defendants, including Judge Caproni. *See* Docket No. 1, *Penn v. Cottrell*, No. 19-CV-2741 (S.D.N.Y. Mar. 27, 2019) (the "*Cottrell* Action"). He

---

[1] Unless otherwise indicated, all docket citations are to Docket No. 19-CV-2106 (JMF).

promptly then moved to disqualify Judge Caproni from *this* case pursuant to 28 U.S.C. § 455. *See* Docket No. 26. Judge Caproni did not rule on that motion; instead, this case was reassigned to me the same day. On April 2, 2019, after Penn had responded to Judge Caproni's Order to Show Cause, I dismissed his Complaint in its entirety, with prejudice, principally for the reasons highlighted in Judge Caproni's Order to Show Cause. *See* Docket No. 27.

On April 30, 2019, Penn filed an Amended Complaint in the *Cottrell* Action adding me as a defendant. *See* 19-CV-2741, Docket No. 17. The next day, he filed the instant motions seeking my recusal in this case and relief from the Order dismissing his claims. *See* Docket No. 30.

Title 28, United States Code, Section 455 provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), and in several specific circumstances involving the judge's personal bias or prior nonjudicial participation in the proceeding, or a family member's participation or interest in the proceeding, *see id.* § 455(b). Absent one of Section 455(b)'s specific circumstances, a court applying Section 455(a) must ask "whether an objective, disinterested observer, fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal." *In re Basciano*, 542 F.3d 950, 956 (2d Cir. 2008) (alterations and internal quotation marks omitted).

Applying those standards here, Penn's recusal motion must be denied. First, to the extent he seeks recusal on the basis of his newly filed lawsuit against me, his motion is frivolous. It is well settled that a party may not procure a judge's recusal merely by suing the judge. *See In re Martin-Trigona*, 573 F. Supp. 1237, 1243 (D. Conn. 1983) (Cabranes, J.) ("[I]t is clear that a judge is not disqualified under 28 U.S.C. § 455 (or under 28 U.S.C. § 144 for that matter) merely because a litigant sues or threatens to sue him." (emphasis and footnote omitted)); *accord United*

2

*States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986); *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977); *DiMartino v. Pulice*, No. 3:16-CV-378 (AWT), 2017 WL 958391, at *2 (D. Conn. Mar. 10, 2017); *Alarcon v. Parks, Recreation & Museums*, No. 15-CV-339 (RRM), 2015 WL 4895497, at *1 n.1 (E.D.N.Y. Aug. 16, 2015); *United States v. Nagy*, 19 F. Supp. 2d 139, 140 (S.D.N.Y. 1998).

Penn's recusal motion could also be construed to question my impartiality based on his relationship to a non-profit organization called Votevets.org. *See* Docket No. 28, ¶¶ 21-23. Penn asserts that he is a former supporter and board member of Votevets.org but was removed from its board after his indictment and conviction in state court. *Id.* ¶¶ 21-22. He further asserts that I also supported the organization and knew both of his support and his removal from the Votevets.org board. *Id.* I need not decide whether those allegations, if true, would warrant my recusal because they are not, in fact, true. My late mother supported VoteVets, but I have no relationship with the organization myself (other than, through my mother, knowing its founder and principal). I have never contributed to the organization and had no prior knowledge of Penn's involvement with the organization or of his removal from its board. Indeed, I had no knowledge of Penn whatsoever until this case was reassigned to me.

Based on the foregoing, there is no basis for recusal under either Section 455(a) or Section 455(b). Penn's recusal motion must therefore be, and is, DENIED.

That leaves Penn's Rule 60(b) motion for relief from the dismissal of his Complaint. Rule 60(b) contemplates "extraordinary judicial relief," which will be granted "only if the moving party demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted). "The decision whether to grant a party's Rule 60(b) motion is committed to the sound discretion of the district court." *Stevens v.*

3

*Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation marks omitted).  Penn comes nowhere near demonstrating "exceptional circumstances" warranting "extraordinary judicial relief." Instead, his motion — which does not even cite the particular subsection of Rule 60(b) under which he seeks relief — merely restates or attempts to refine the arguments he made in response to Judge Caproni's Order to Show Cause.  It is well established, however, that a Rule 60(b) motion is not "a substitute for appeal" or a means to "relitigate matters already resolved by the court."  *Batac Dev. Corp. v. B&R Consultants, Inc.*, No. 98-CV-721 (CSH), 2000 WL 307400, at *3 (S.D.N.Y. Mar. 23, 2000).  Penn's Rule 60(b) motion is accordingly DENIED.

Penn is cautioned that the filing of additional frivolous motions may result in sanctions. Additionally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status is therefore denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is directed to terminate Docket No. 30 and to mail a copy of this Order to Penn.

SO ORDERED.

Dated: May 13, 2019
New York, New York

_____
JESSE M. FURMAN
United States District Judge